405 So.2d 696 (1981)
In the Matter of Thomas Milton WILSON
v.
STATE of Alabama.
77-433.
Supreme Court of Alabama.
August 28, 1981.
Al Pennington and Reggie Stephens, Mobile, and William N. Clark, Birmingham, for petitioner.
Charles A. Graddick, Atty. Gen., and Jean Williams Brown, Asst. Atty. Gen., for respondent.
PER CURIAM.
The Supreme Court of the United States, on June 30, 1980, 448 U.S. 903, 100 S.Ct. 3042, 65 L.Ed.2d 1133, issued the following mandate in this cause:
ON WRIT OF CERTIORARI to the Supreme Court of Alabama.
THIS CAUSE having been submitted on the petition for writ of certiorari and response thereto,
ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Court that the judgment of the said Supreme Court [371 So.2d 943] in this cause is vacated, and that this cause is remanded to the Supreme Court of Alabama for further consideration in light of Beck v. Alabama, 447 U.S. 625, [100 S.Ct. 2382, 65 L.Ed.2d 392] (1980).
Therefore, pursuant to the mandate of the Supreme Court of the United States, this case is remanded to the Court of Criminal Appeals for consideration in light of Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), and this Court's decisions in Beck v. State, 396 So.2d 645 (Ala.1980); Ritter v. State, 403 So.2d 154 (Ala.1981); and Reed v. State, 407 So.2d 162 (Ala.1981).
REMANDED WITH DIRECTIONS.
All Justices concur, except MADDOX, JONES, and ADAMS, JJ., who concur specially.
On remand, Ala.Cr.App., 405 So.2d 696.
MADDOX, JONES and ADAMS, Justices (concurring specially):
By concurring specially we adhere to the views expressed in our respective opinions in Ritter v. State, 403 So.2d 154 (Ala.1981), to the effect that we would not reverse the conviction in any case in which the record of trial affirmatively precludes any showing which would entitle the defendant to a jury instruction on a lesser included offense.
Because the per curiam opinion mandates a retrial on the issue of guilt, as well as the issue of sentence, we re-emphasize the proposition that an instruction on a lesser included offense is required "on any lesser included offense supported by the evidence," Beck v. State, 396 So.2d 645, 657 (Ala. 1980), but an instruction on a lesser included offense would be appropriate only if there was evidence which would support the giving of such an instruction. Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 2386, 65 L.Ed.2d 392, (footnote 7) (1980).